Dear Mr. Babin:
This office is in receipt of your recent letter requesting an Attorney General's Opinion concerning whether the governing authority of Ascension Parish, operating under a home rule charter, must receive majority approval in a parish-wide election prior to implementing a zoning plan.
You have provided us with Act 516 of 1968 which authorizes the governing authority of Ascension Parish to adopt a zoning plan. Section 4 of the Act states that "no such regulations . . . shall become effective until after they have been approved by a majority of the qualified voters of the parish." You ask whether this restriction still applies to Ascension Parish in light of Article VI, Section 5 of the Louisiana Constitution of 1974 and the adoption of a home rule charter by Ascension Parish on July 17, 1993.
Article VI, Section 5 of the Constitution sets forth procedures by which a home rule charter may be adopted and specifies the extent of a home rule government's permitted powers. Section 5 (A) provides:
 [s]ubject to and not inconsistent with this Constitution, any local governmental subdivision may draft . . . a home rule charter in accordance with this Section. . . .
Section 5(E) provides the powers and functions of a local government subdivision's home rule charter:
 A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
Article VI Section 17 provides with respect to land use and zoning by a local governmental subdivision:
 Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained.
Ascension Parish adopted a home rule charter on July 17, 1994. Section 4-11 of this charter substantially repeats the language of Article VI, Section 5 (E) of the Constitution:
 The governing authority may enact any ordinance necessary, requisite, or proper to promote, protect and preserve the general welfare, safety, health, peace, and good order of the parish not inconsistent with the Constitution or denied by general law or this charter.
The Louisiana Supreme Court has recently stated that land use and zoning is best accomplished at the local level, and that Article VI, Section 17 expressly grants to local governments the power to enact zoning regulations.[1] The Supreme Court further stated that "this grant of home rule authority must be interpreted broadly . . ." and "[h]ome rule powers, functions and immunities are to be construed fairly, genuinely and reasonably, and any claimed exceptions to them should be given careful scrutiny by the courts."[2]
Under Article VI, Section 5 (E) of the Constitution, the state legislature may limit the power of a local governmental subdivision which has adopted a home rule charter only through a denial of power by general law.[3] Thus, Act 516 of 1968 limits the permitted power of the Ascension Parish governing authority only if it effects such a denial of power by general law.
The phrase "general law" is defined in Article VI, Section 44 (5) of the Louisiana Constitution specifically in reference to local governments:
As used in this Article:
 (5) "General law" means a law of statewide concern enacted by the legislature which is uniformly applicable to all persons or to all political subdivisions in the state or which is uniformly applicable to all persons or to all political subdivisions within the same class.[4]
Act 516 of 1968 is limited to one locality and is not uniformly applicable to all political subdivisions in the state. Nor is it uniformly applicable to all political subdivisions within the same class. It is the opinion of our office that Act 516 of 1968 is not a general law as defined in Article VI, Section 44 (5). As Act 516 is not a general law, the requirement imposed by the Act that any zoning regulation be approved in a parish-wide election before becoming effective no longer applies.
We trust the foregoing has been helpful. Should you have any further questions, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/tp
[1] St. Charles Gaming Company, Inc. vs. Riverboat Gaming Comm.,
94-2697 (La. 1/17/95), 648 So.2d 1310
[2] Id. at page 6 (648 So.2d at 1316).
[3] Id. (". . . the 1974 Louisiana Constitution grants to post-1974 home rule charter governments immunity from state legislative control when exercising within their boundaries legislative powers consistent with the 1974 state constitution that are not denied by general law.).
[4] See also Polk v. Edwards, 626 So.2d 1128, fn. 5 (La. 1993) ("The term "general laws" is defined in La. Const. art. VI, which addresses Local Government. This definition . . . is restricted to Article VI . . .).